

**Curtis, Mallet-Prevost, Colt & Mosle LLP**

| | | | |
|---|---|---|---|
| Almaty | Houston | | **Telephone  +1 212 696 6000** |
| Astana | London | 101 Park Avenue | **Facsimile  +1 212 697 1559** |
| Beijing | Mexico City | New York, New York 10178-0061 | www.curtis.com |
| Bogotá | Milan | | |
| Brussels | Muscat | | |
| Buenos Aires | Paris | | **Joseph D. Pizzurro** |
| Dubai | Riyadh | | Tel: +1 212 696 6196 |
| Frankfurt | Rome | | Fax: +1 917 368 8996 |
| Geneva | Washington, D.C. | | E-Mail: jpizzurro@curtis.com |

August 4, 2023

<u>VIA ECF</u>

Honorable LaShann DeArcy Hall
U.S. District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:** ***Yerkyn v. National Security Committee of the Republic of Kazakhstan, et al.,*** **No. 23-cv-2399-LDH (E.D.N.Y.): Defendant National Security Committee of the Republic of Kazakhstan's Pre-Motion to Dismiss Letter**

Dear Judge DeArcy Hall:

Pursuant to Section III(A) of the Court's Individual Practices, we submit this letter on behalf of Defendant National Security Committee of the Republic of Kazakhstan ("<u>NSC</u>") to apprise the Court that NSC intends to file a motion to dismiss the above-referenced case for lack of jurisdiction under the Foreign Sovereign Immunities Act ("<u>FSIA</u>").

Plaintiff Amirkhanov Yerkyn is a citizen of Kazakhstan who allegedly owned an interest in a Kazakhstan corporation, Central-Asian Power-Energy Company JSC ("<u>CAPEC</u>").  *See* Dkt. No. 6 at ECF 8.  Plaintiff alleges that Defendants Klebanov Alexandr Yakovlevich and Kan Sergey Vladimirovich (the "<u>Individual Defendants</u>") are fellow citizens of Kazakhstan who were Plaintiff's business partners at CAPEC.  *Id.* at ECF 3-5.  Plaintiff alleges that the Individual Defendants used their influence with the NSC to have Plaintiff arrested and prosecuted in Kazakhstan as part of a scheme to take control of Plaintiff's interests in CAPEC.  *See id.* at ECF 5; Dkt. No. 6-1 at ECF 2.  Plaintiff alleges that, during his detention in the criminal case, he entered into agreements with the Individual Defendants whereby he transferred his interests in CAPEC to the Individual Defendants in exchange for cash and an interest in a subsidiary of CAPEC, Eximbank Kazakhstan JSC ("<u>Eximbank</u>").  Dkt. No. 6-1 at ECF 4.  In addition, Plaintiff alleges that he filed criminal complaints in Kazakhstan that Plaintiff claims were not adequately investigated or prosecuted by NSC and other authorities in Kazakhstan.  Dkt. No. 6 at ECF 9-13.



**Curtis, Mallet-Prevost, Colt & Mosle LLP**

Plaintiff commenced this action on March 22, 2023 and filed the Amended Complaint on April 21, 2023.  The Amended Complaint seeks an order declaring illegal both Plaintiff's agreements with the Individual Defendants and certain unspecified decisions of the Kazakhstan courts.  Dkt. No. 6 at ECF 6.  Plaintiff is also seeking damages against all three Defendants.  *Id.*  On June 26, 2023, Plaintiff filed an affidavit of service alleging that the original complaint was personally served on a NSC officer on June 5, 2023.  Dkt. No. 11.[1]

NSC is a special state body of Kazakhstan directly subordinated and accountable to the President of Kazakhstan and indisputably qualifies as a "foreign state" as defined in the FSIA.  *See* 28 U.S.C. § 1603.  NSC is thus presumptively immune from the jurisdiction of U.S. courts.  *See* 28 U.S.C. § 1604; *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993).  To overcome that presumptive immunity, Plaintiff must establish the substantive requirements of one of the FSIA's enumerated exceptions to jurisdiction immunity.  *See* 28 U.S.C. §§ 1605-1607.  Satisfying those substantive requirements is a prerequisite to the exercise of subject matter and personal jurisdiction in any action against a foreign state.  28 U.S.C. § 1330.  Here, the Amended Complaint does not invoke any of the FSIA's exceptions to jurisdictional immunity.  As explained below and in NSC's forthcoming motion, none apply.  Therefore, the case must be dismissed for lack of subject matter and personal jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and (2).

Plaintiff cannot establish jurisdiction under the FSIA's commercial activity exception because NSC's alleged conduct is sovereign, not commercial, in nature.  The FSIA defines "commercial activity" by reference to "the nature … [of the activity] rather than by reference to its purpose." 28 U.S.C. § 1603(d).  And the Supreme Court has repeatedly held that, "the issue is whether the particular actions that the foreign state performs (whatever the motive behind them) are the *type* of actions by which a private party engages in trade and traffic or commerce." *Nelson*, 507 U.S. at 360-61 (quoting *Republic of Argentina v. Weltover*, 504 U.S. 607, 614 (1992)) (emphasis in original).  Here, Plaintiff alleges, at best, an abuse of police powers.  But the Supreme Court held in *Nelson* that such abuses of police powers are quintessentially sovereign, not commercial, and therefore cannot support jurisdiction under the commercial activity exception. *See* 507 U.S. at 361-63; *see also Community Finance Grp., Inc. v. Republic of Kenya,* 663 F.3d 977, 981 (8th Cir. 2011) ("The decisions regarding whether or how to investigate an allegedly fraudulent commercial transaction between private parties, … enforce criminal laws, and seize property during criminal investigations are governmental rather than commercial activities.").[2]

The FSIA's tort exception, 28 U.S.C. § 1605(a)(5), is also inapplicable.  Plaintiff's claims arise out of his alleged prosecution in Kazakhstan, and the tort exception explicitly states that it does not apply to "any claim arising out malicious prosecution, [or] abuse of process".  28 U.S.C. § 1605(a)(5)(B).  The tort exception also states that it does not apply to claims based on the

---

[1] The FSIA provides foreign sovereign defendants, such as NSC, 60 days from the date of service to respond to a complaint.  28 U.S.C. § 1608(d).  Thus, even ignoring Plaintiff's failure to comply with the FSIA's strict requirements for service of process, this letter is timely.  *See Republic of Sudan v. Harrison*, 139 S. Ct. 1048 (2019).

[2] While *Nelson* and its progeny alone foreclose the application of the FSIA's commercial activity exception, Plaintiff cannot establish any jurisdictionally relevant nexus to the United States as required Section 1605(a)(2).



performance of a discretionary function, and a foreign state's decisions on whether and how to conduct a criminal investigation and prosecution fall squarely within that discretionary function exemption. *See* 28 U.S.C. § 1605(a)(5)(A). Thus, to the extent Plaintiff's claims are based on the allegedly inadequate investigation and prosecution of the criminal complaints he filed in Kazakhstan, such claims would be barred under the discretionary function exemption.[3]

The FSIA's expropriation exception, 28 U.S.C. § 1605(a)(3), also does not apply. While the Amended Complaint repeatedly refers to a seizure of Plaintiff's property, Plaintiff alleges that his property was taken by his business partners, the Individual Defendants, not NSC. Because NSC did not expropriate any of Plaintiff's property, the expropriation exception does not apply.[4]

Accordingly, for at least the foregoing reasons, this case must be dismissed with prejudice for lack of subject matter jurisdiction under the FSIA.

While the undersigned counsel is currently unavailable for a pre-motion conference before August 14, 2023 due to scheduling conflicts, NSC is prepared to file its motion papers without a pre-motion conference. If the Court believes that such a conference would be beneficial, the undersigned counsel can be available after August 14, 2023. Plaintiff has been served with copies of this letter via mail and email to the addresses listed in the Amended Complaint.

NSC reserves all rights and defenses, including any rights, protections and immunities accorded under the FSIA.

Respectfully submitted,

*/s/ Joseph D. Pizzurro*
Joseph D. Pizzurro

---

[3] Furthermore, the tort exception applies only where "entire tort" – meaning both the wrongful conduct and the resulting injury – occurred in the United States. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 441 (1989). Here, all of the alleged conduct took place in Kazakhstan, and any alleged injury to Plaintiff would have been suffered in Kazakhstan.

[4] In any event, Plaintiff cannot establish the requisite jurisdiction nexus with the United States under Section 1605(a)(3). Because Plaintiff is a citizen of Kazakhstan, the so-called "domestic takings rule" also precludes the application of the expropriation exception in this case. *See Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela*, 743 F. App'x 442, 447 (D.C. Cir. 2018).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                 :

AMIRKHANOV YERKYN,                            :

                          Plaintiff,       :

                                                :

              - against -                :   **Case No. 23-cv-2399-LDH**

                                                :

KLEBANOV ALEXANDR YAKOVLEVICH,   :
KAN SERGEY VLADIMIROVICH, AND      :
THE NATIONAL SECURITY COMMITTEE OF  :
THE REPUBLIC OF KAZAKHSTAN.          :

                                                :

                          Defendants.    :

------------------------------------------------------------- X

## CERTIFICATE OF SERVICE

       I hereby certify that on August 4, 2023, I caused a copy of the foregoing document to be

served on the *pro se* Plaintiff in accordance with Federal Rule of Civil Procedure 5(b)(C) and

Judge DeArcy Hall's Individual Practice II(A)(2) by email at yerkyn.amirkhanov@gmail.com

and via certified mail through certified mail at the address below:

      Amirkhanov Yerkyn
      815 Avenue U, Fl. 2
      Brooklyn, NY 11223.

Plaintiff listed the mail and email addresses above in the Amended Complaint.

                                      */s/ Joseph D. Pizzurro* _____
                                      JOSEPH D. PIZZURRO