

PAUL R. NIEHAUS
950 THIRD AVENUE, SUITE 1900
NEW YORK, NY 10022
O: (646) 415-7530
D: (212) 631-0223
M: (917) 882-7178
PAUL.NIEHAUS@KIRSCHNIEHAUS.COM
KIRSCHNIEHAUS.COM

August 15, 2023

**VIA ECF**
The Honorable LaShann DeArcy Hall
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

  Re: *Yerkyn v. Yakovlevich, et al.*
     Case No.: 23-cv-2399-LDH (E.D.N.Y.)

Dear Judge DeArcy Hall:

  We represent Defendants Alexander Yakovlevich Klebanov ("Mr. Klebanov") and Sergey Vladmirovich Kan ("Mr. Kan", together with Mr. Klebanov, the "Individual Defendants")[1] in the above-referenced action.  We write pursuant to this Court's Individual Rule III(A)(i) to request a pre-motion conference in advance of an anticipated motion to dismiss for lack of jurisdiction.  In short, the Individual Defendants have not been properly served, and this Court has neither personal jurisdiction over the Individual Defendants, nor subject matter jurisdiction over the claims alleged.

*Allegations*

  Plaintiff Yerkyn Amirkhanov is a citizen of the Republic of Kazakhstan who allegedly owned an interest in a Kazakhstan corporation, Central-Asian Power-Energy Company JSC ("CAPEC").  *Am. Compl., Dkt. 6 p. 8*.  The Individual Defendants are fellow citizens of Kazakhstan who Plaintiff accuses of conspiring with the National Security Committee of the Republic of Kazakhstan ("NSC") to deprive Plaintiff of his interests in CAPEC.  *Am. Compl., Dkt. 6 p. 5*.  Plaintiff claims that he was coerced into signing over his CAPEC interests while under criminal investigation in Kazakhstan.  *Id.*  Plaintiff asks this Court to (i) void and set aside the agreements he signed relinquishing his ownership interests in CAPEC; (ii) "cancel the illegal decisions taken by the courts of the Republic of Kazakhstan"; and (iii) award him and his wife a total of $165 million in damages.  *Id. p. 6.*  Plaintiff bases his claims on alleged "violations of [his] rights and freedoms as a citizen of the Republic of Kazakhstan" as "guaranteed to [him] by the Constitution of the Republic of Kazakhstan".  *Id. p. 5.*

---

[1] The complaint in this matter appears to identify individuals by their family surname first, their given name second, and middle name third.  For purposes of this letter, we use the English convention of given name first, middle name second, and family surname last.

*Procedural Background*

Plaintiff claims to have filed a similar case with the Supreme Court of the United States on June 12, 2020. *Am. Compl., Dkt. 6 p. 8*. The status of that case is not alleged. Plaintiff further claims to have filed numerous lawsuits and appeals in Kazakhstan, involving no fewer than seven Kazakhstani state authorities. *Id.* Those suits and appeals appear to be ongoing. *Id.*

In this action, Plaintiff alleges subject matter jurisdiction based solely on diversity of citizenship. *Am. Compl., Dkt. 6 p. 3*. Plaintiff alleges no basis for federal question jurisdiction, and marked that section of the *pro se* complaint form as "N/A." *Id.* Plaintiff makes no allegations regarding the Court's personal jurisdiction over any Defendant. *Id.* Plaintiff identifies no specific cause of action, other than violation of the Kazakhstan Constitution. *Id. p. 5*. Finally, Plaintiff has filed Proofs of Service claiming to have served the Amended Complaint on Mr. Klebanov by sending it via DHL overnight courier to an address in France, and on Mr. Kan by e-mail and text message. *Proof of Service, Dkt. 16; Letter to Court, Dkt. 18*.

*Arguments for Dismissal*

This matter is subject to dismissal pursuant to, at least, Fed. R. Civ. P. 12(b)(1), (2), (5), and (6). To wit, the Court lacks subject matter jurisdiction, the Court lacks personal jurisdiction over the Individual Defendants, the Amended Complaint was not properly served on the Individual Defendants, and the Amended Complaint fails to state a claim upon which this Court may grant relief.

*The Court Lacks Subject Matter Jurisdiction.* As noted, the sole alleged basis for subject matter jurisdiction is diversity of citizenship. *Am. Compl., Dkt 6 p. 3*. However, the Plaintiff clearly and on multiple occasions admits that he and each of the Individual Defendants are citizens of Kazakhstan. *Id. p. 4, 5, 8*. Second Circuit law is clear that federal courts do not have diversity jurisdiction over a suit by a non-citizen permanent resident and a foreign citizen. *Corporacion Venezolana de Formento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980)("the presence of aliens on two sides of a case destroys diversity jurisdiction"); *Tagger v. Strauss Group Ltd.*, 951 F.3d 124, 127 (2d Cir. 2019) (a foreign citizen who is a permanent resident of the United States is "an alien for purposes of diversity jurisdiction"). [2]

*The Court lacks Personal Jurisdiction.* The Amended Complaint states no express basis for the Court's jurisdiction over the Individual Defendants, and even the most charitable reading of the Amended Complaint does not reveal any basis. None of the alleged actions occurred in New

---

[2] The original Civil Cover Sheet accompanying the Complaint marks Diversity as the sole basis for subject matter jurisdiction. *Civ. Cov. Sheet I, Dkt. 1 p. 8*. A second cover sheet, likely created by the *pro se* office, lists Federal Question as the basis for jurisdiction and lists 42 U.S.C. § 1983 as the relevant federal statute. *Civ. Cov. Sheet II, Dkt. 1-1*. However, nothing in the Amended Complaint identifies Section 1983 as the basis for jurisdiction, or alleges any acts that could conceivably fall within Section 1983, which requires an act taken under the "color of [law] of any State or Territory, or the District of Columbia." 42 U.S.C. § 1983.

York, and neither Individual Defendant is alleged to have systematic contacts in New York or specific contacts with New York related to Plaintiff's claims. *See Charles Schwab Corp. v. Bank of America Corp.*, 883 F.3d 68, 74 (2d Cir. 2018) (must be "causal relationship" between defendant's contacts with the United States and the episode in suit, and claim must "arise from the defendant's purposeful contacts with the forum."). Even had Plaintiff alleged that extra-forum acts caused harm within New York (and he has not), to satisfy due process a defendant's conduct must be "expressly aimed" at the forum in question. *Id., citing Calder v. Jones*, 465 U.S. 783, 789 (1984). Here, not only has Plaintiff not alleged that the Individual Defendants "expressly aimed" their conduct at New York, he specifically alleges that the purported harm (transfer of his stake in CAPEC) occurred in Kazakhstan. *Am. Compl. Dkt. 6 pp. 5, 8.*

*The Individual Defendants were not properly served.* On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), the plaintiff bears the burden of showing that a defendant was properly served. *Khan v. Khan*, 360 Fed. App'x 202, 203 (2d Cir. 2010). Service on an individual in a foreign country may be effected by an internationally agreed means for service, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, or as prescribed by the foreign country's law for service in an action in that foreign country's courts of general jurisdiction. Fed. R. Civ. P. 4(f)(1), (f)(2)(A). Here, Plaintiff has not even claimed to have served the Individual Defendants through means authorized by the Hague Convention, i.e., through a "Central Authority" established by a foreign state pursuant to the Convention. Nor has Plaintiff established that service was properly effected pursuant to the laws of Kazakhstan, France, or any "otherwise-applicable" law. *See Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017).

*The Amended Complaint Fails to State a Claim upon which Relief can be Granted.* In addition to failing on jurisdictional grounds, the Amended Complaint fails to identify any specific cause of action (except unspecified purported violations of Kazakhstan law), and appears to be barred by collateral estoppel in light of the previous decisions of various Kazakhstani courts and agencies. *See Yukos Cap. S.A.R.L. v. OAO Samaraneftegaz*, 963 F. Supp. 2d 289, 295 (S.D.N.Y. 2013) (collateral estoppel applies to judgments issues by courts of foreign countries). In the unlikely event that the Court determines that it has jurisdiction over this matter, the Individual Defendants are prepared to address this issue in depth.

    The Individual Defendants therefore respectfully request either a pre-motion conference with the Court, or permission to file a motion to dismiss on the grounds set forth herein.

Respectfully Submitted,
 s/ Paul R. Niehaus
Paul R. Niehaus
*Attorney for Defendants Alexander Yakovlevich Klebanov and Sergey Vladimirovich Kan*

cc: Yerkyn Amirkhanov
    *Plaintiff, pro se*
       *By ECF*