Yerkyn Amirkhanov
815 Avenue U Fl 2
Brooklyn, NY 11223





ORIGINAL

RECEIVED
AUG 15 2023
PRO SE OFFICE

15 August 2023

Honorable LaShann DeArcy Hall
U.S. District Court Judge
U.S. District Court for Easten District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: *Yerkyn v. National Security Committee of the Republic of Kazakhstan, et al. No. 23-cv-2399-LDH (E.D.N.Y.): Opposition to Defendant NSC's Pre-Motion to Dismiss*

Dear Judge DeArcy Hall,

I Yerkyn Amirkhanov (Plaintiff), resident of the United States of America having "Political Asylum (pending)" status protected by the United States of America writing this letter as a plaintiff to oppose the Defendant National Security Committee of the Republic of Kazakhstan's ("NSC") pre-motion to dismiss the request. I oppose the NSC request for dismissal of the case on grounds of lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act (FSIA). I hereby present my counterarguments against the reasons for dismissal as stipulated in NSC's letter dated August 4, 2023.

NSC puts forth an argument that the alleged conduct in this case does not qualify under the FSIA's commercial activity exception, hence it is sovereign and not commercial in nature. In the Supreme Court ruling in *Saudi Arabia v. Nelson, 507 U.S. 349, 355 (1993)*, it is clearly stipulated that the key criterion entails determining if the actions of a foreign state mirror those of a private party taking part in commercial activities. In this particular case, in as much as the abuse of police powers is sovereign in nature, it can be interpreted as a commercial activity as it is done with the intent to benefit the individual defendants. It is important to consider the broader context in which the actions in the case occurred. The Individual Defendants made use of their influence within the NSC to plan the arrest and prosecution of the plaintiff as part of a plan to take control of his interests at CAPEC. See, *WMW Machinery, Inc. v. Werkzeugmaschinenhandel GmbH Im Aufbau, 960 F. Supp. 734, 740*

1

*(S.D.N.Y. 1997)*, (here the German government's alleged tortious interference with the plaintiff's existing exclusive distribution rights for machine tools manufactured in former East Germany qualified as commercial under the FSIA despite the government's sovereign purpose of converting previously state-owned businesses in formerly communist East Germany into free market enterprises). Therefore, I believe that the commercial activity exception will apply in this case based on the substance and purpose of the defendant's actions.

On merits, in the spring-summer of 2018, individuals defendants Klebanov A. and Kan S., having entered into conspiracy with the leadership of the NSC, falsified a criminal case against me and detained me in custody. NSC conducted psychological, emotional, and sometimes physical pressure on me. NSC also did threats of real conviction under severe crimes of the Criminal Code of RK, threats and actions of criminal prosecution of my relatives, loved ones, subordinates and employees; Creating conditions for the seizure of property, i.e. concealing shares from official arrest and forcing to actions at night time in violation of all regulations. All the proofs and testimonies of these are in presence including the recording of testimony of Public Notary who certified the purchase-sale contracts.

NSC brings forth an argument that the tort of exception is not applicable in this case on the grounds that the claim arises from malicious prosecution or abuse of the process. Tort exception specified in 28 U.S.C. § 1605(a)(5) does not categorically exclude claims resulting from malicious prosecution or abuse of power. Instead, it explicitly excludes claims arising out of malicious prosecution or abuse of process, which implies that other forms of tort claims may still be considered. I, as a plaintiff, claim that the comprise a broader range of allegations beyond malicious prosecution. Also, I as a plaintiff assert that the criminal complaints, filed in Kazakhstan were not adequately investigated or prosecuted by NSC. The allegations are beyond malicious prosecution and fall within FSIAs tort exception.

Further, NSC holds that the expropriation claim under 28 U.S.C. § 1605(a)(3) does not apply in this case since NSC did not directly expropriate the Plaintiff's property. However, the exception warrants further consideration since NSC's actions indirectly contributed to the expropriation by the individual defendants. In this case, the expropriation exception is triggered since NSC played a substantial role in the seizure of my interests since it's their influence that led to my persecution.

In consideration of the complexities arising from this case and the differing interpretation of

2

FSIA's exception, I believe that a pre-motion conference will be important for the matters to be explored in detail. I kindly ask the court to grant my request for a pre-motion conference and consider the nuances of this matter prior to the determination of the motion to dismiss.

      I remain committed and am open to constructive discussions for a fair and just resolution of this matter. I appreciate your attention to this matter.

Sincerely,

Yerkyn Amirkhanov

*[signature]*

August 15, 2023



UNITED STATES DISTRICT
EASTERN DISTRICT OF NEW YORK



AMIRKHANOV YERKYN,
               Plaintiff,

-against-                                               Case No. 23-cv-2399-LDH-CLP

KLEBANOV ALEXANDR
YAKOVLEVICH
KAN SERGEY VLADIMIROVICH, AND
THE NATIONAL SECURITY
COMMITTEE OF
THE REPUBLIC OF KAZAKHSTAN
               Defendants

## AFFIDAVIT OF SERVICE

I, am YERKYN AMIRKHANOV, hereby confirming that the defendants were served with the Summons for the Amended Complaint and Amended Complaint itself as follows:

- The National Security Committee of the Republic of Kazakhstan on June 5th, 2023 by personal delivery and service by my representative Iskakov N.D. to the office of the Chairman of the National Security Committee of the Republic of Kazakhstan, and the copies of Proof of service and documents were attached to the case;
- Kan Sergey Vladimirovich on June 1st, 2023 by personal delivery and service by my representative Iskakov N.D. to the assistant of Kan S.V. at his office, and the Proof of service about it were attached to the case;
- Klebanov Alexandr Yakovlevich on July 24th, 2023 via International DHL postal service, and the Proof of service about it are attached to the case.

YERKYN AMIRKHANOV

*[signature]*

August 15, 2023