

**Curtis, Mallet-Prevost, Colt & Mosle LLP**

| | | | |
|---|---|---|---|
| Almaty | Houston | | Telephone  +1 212 696 6000 |
| Astana | London | 101 Park Avenue | Facsimile  +1 212 697 1559 |
| Beijing | Mexico City | New York, New York 10178-0061 | www.curtis.com |
| Bogotá | Milan | | |
| Brussels | Muscat | | |
| Buenos Aires | Paris | | **Joseph D. Pizzurro** |
| Dubai | Riyadh | | Tel: +1 212 696 6196 |
| Frankfurt | Rome | | Fax: +1 917 368 8996 |
| Geneva | Washington, D.C. | | E-Mail: jpizzurro@curtis.com |

February 29, 2024

**VIA ECF**

Honorable LaShann DeArcy Hall
U.S. District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Yerkyn v. National Security Committee of the Republic of Kazakhstan, et al.*, No. 23-cv-2399-LDH (E.D.N.Y.): Letter Regarding Filing of Plaintiff's Failure to Comply with the Court's December 28, 2023 Order

Dear Judge DeArcy Hall:

      We write on behalf of Defendant National Security Committee of the Republic of Kazakhstan ("NSC") in regards to Plaintiff's failure to comply with this Court's order entered on December 28, 2023 (the "Order").

      As an initial matter, the Order directed Plaintiff to file all of the papers on the motion to amend the First Amended Complaint upon completion of briefing.  However, the docket entry purporting to be NSC's opposition brief contains a blank document and not a copy of the opposition brief that NSC served on Plaintiff on February 9, 2024.  We assume this was simply an error.  To remedy this, NSC is filing a copy of its opposition brief concurrent with this letter.

      Furthermore, Plaintiff violated the Order by failing to serve or file the reply brief by February 23, 2024.  To be sure, on February 21, 2024, Plaintiff filed a letter with the Court requesting an extension of the deadline to file a reply brief. Dkt. No. 39.  Later that day, NSC and the other defendants each filed letters in opposition to Plaintiff's request for yet another extension. Dkt. Nos. 40–41.  While the Court did not rule on that request, Plaintiff simply ignored the Court-ordered deadline and filed a reply brief on February 28, 2024.  Dkt. No. 44-18.  Plaintiff asks this Court to forgive the failure to comply with the deadlines set in the Order on the grounds that Plaintiff's counsel failed to timely obtain translations of an utterly irrelevant document that has no bearing on any arguments raised in NSC's pending motion to dismiss and opposition to the motion



**Curtis, Mallet-Prevost, Colt & Mosle LLP**

NSC's Letter to the Court, No. 23-cv-2399-LDH
February 29, 2024
Page 2

to amend.[1]  Dkt. No. 42.  Plaintiff offers no reason why a timely response to NSC's opposition brief could not have been filed.  In addition, Plaintiff's reply brief is 20 pages long and thus exceeds the 10-page limit set in the Order.  Plaintiff's counsel never even contacted NSC's counsel regarding an extension of the page limit.

Plaintiff's unilateral extension of the deadlines and page-limitations set by the Order should not be condoned.  Instead, the Court should strike the reply brief.  *See Kaye v. N.Y.C. Health & Hosps. Corp.*, No. 18-CV-12137 (JPC) (JLC), 2020 U.S. Dist. LEXIS 231605, at *30 (S.D.N.Y. Dec. 9, 2020) (stating that it is "within the Court's discretion to strike the brief in its entirety as untimely, or to strike the overlength pages of the brief for exceeding the court's length requirements").

Plaintiff's reply brief also improperly raises a new argument that NSC is not entitled to immunity under the Foreign Sovereign Immunities Act ("FSIA").  Before Plaintiff served the motion to amend, NSC repeatedly asserted its immunity and argued that the claims against it must be dismissed for lack of subject matter jurisdiction under the FSIA.  Dkt. Nos. 15, 28, 35.  Plaintiff and Plaintiff's counsel were well aware of these arguments – which are the centerpiece of NSC's pending motion to dismiss.  Plaintiff chose not to respond to NSC's pending motion to dismiss and, instead, sought leave to amend.  However, Plaintiff still failed to address the FSIA in its motion to amend.  In fact, neither the motion to amend nor the Proposed Second Amended Complaint even mention the FSIA.  Plaintiff cannot be permitted to sandbag NSC by withholding its arguments on NSC's dispositive immunity defenses until its reply.  Rather, those portions of the reply brief should be stricken.  *See Bertone v. HSBC USA, Inc.*, No. CV 16-6993 (JMA)(ARL), 2019 U.S. Dist. LEXIS 241852, at *14 (E.D.N.Y. Mar. 15, 2019) ("[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply."); *AP Links, LLC v. Russ*, No. 09-CV-5437(JS)(AKT), 2017 U.S. Dist. LEXIS 124272, at *17 (E.D.N.Y. Aug. 7, 2017) ("arguments raised for the first time in a reply brief should be disregarded").

If the Court does not strike Plaintiff's newly raised arguments, NSC intends to seek leave to file a short sur-reply to address Plaintiff's newly asserted theory of jurisdiction under the FSIA.

NSC reserves all rights and defenses, including any rights, protections and immunities accorded under the FSIA.

Respectfully submitted,

 */s/ Joseph D. Pizzurro*
Joseph D. Pizzurro

---

[1] Plaintiff apparently waited until a week prior to the deadline for its reply brief to seek a translation of the document at issue.  Dkt. No. 42-1 (explaining that Plaintiff's counsel did not seek a translation until the afternoon of Friday February 16, 2024).